■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD HARDY, Appellant. [735 NYS2d 124] —Judgment, Supreme Court, New York County (Brenda Soloff, J.), rendered April 28, 1999, convicting defendant, upon his plea of guilty, of attempted criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 3 to 6 years, unanimously affirmed.

Defendant's plea withdrawal motion was properly denied. The court conducted a sufficient inquiry into defendant's rejection by a drug treatment program before imposing a prison sentence in accordance with terms of the plea bargain, and did not merely accede to the prosecutor's request. Informed that defendant was rejected by the program due to his extensive criminal record, the court reviewed defendant's criminal history and confirmed that his rejection had a legitimate basis. The plea minutes establish defendant's full understanding of the terms of the plea bargain. Defendant was clearly warned by the court that his criminal history was a relevant factor in determining whether he would be accepted into the program (*see, People v Scott*, 276 AD2d 351, *lv denied* 96 NY2d 787), and we reject defendant's claim that he was lured into pleading guilty by the offer of a drug program for which he had no chance of being accepted. Concur—Nardelli, J.P., Williams, Andrias, Saxe and Friedman, JJ.