■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM JOHNSON, Appellant. [805 NYS2d 830]—

Judgment, Supreme Court, New York County (John Cataldo, J.), rendered July 3, 2003, convicting defendant, upon his plea of guilty, of attempted criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4 to 8 years, unanimously affirmed.

Since defendant did not move to withdraw his plea, his challenge to the plea's voluntariness is unpreserved and we decline to review it in the interest of justice. Moreover, on appeal, defendant does not seek vacatur of the plea on the ground of involuntariness, and the only relief he requests is a more lenient sentence. Were we to review this claim, we would find that the plea was knowing, intelligent and voluntary. The plea agreement called for a sentence of 4 to 8 years in the event that a drug treatment program did not accept defendant. The court

warned defendant about the possibility that he might be rejected by the program, and the record fails to support defendant's claim to the effect that he was "lured into pleading guilty by the offer of a drug program for which he had no chance of being accepted" (*People v Hardy*, 290 AD2d 221 [2002], *lv denied* 97 NY2d 755 [2002]).

We perceive no basis for reducing the sentence. Concur—Tom, J.P., Andrias, Gonzalez and Sweeny, JJ.