[853 NE2d 223, 819 NYS2d 854]

The People of the State of New York, Respondent, v Tammi L. Van Deusen, Appellant.

Argued June 8, 2006; decided June 29, 2006

## APPEARANCES OF COUNSEL

*Paul J. Connolly*, Delmar, for appellant.

*Joseph A. McBride, District Attorney*, Norwich, and *New York Prosecutors Training Institute*, Albany (*John E. Maney* of counsel), for respondent.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be reversed, defendant's plea vacated and the case remitted to County Court for further proceedings on the indictment.

Defendant Tammi L. Van Deusen was indicted for second-degree felony murder, first-degree burglary, second-degree burglary, first-degree robbery, first-degree criminal use of a firearm and fourth-degree conspiracy in connection with a home invasion in Norwich, Chenango County, in the early morning hours of July 17, 2000, during which a victim was killed by a shotgun blast to the chest. Defendant pleaded guilty to first-degree robbery, in exchange for a determinate sentence of not less than five or more than 15 years in prison.

Prior to sentencing, defendant moved to withdraw her guilty plea, arguing that it was not voluntary, knowing and intelligent because County Court had failed to tell her that she was subject to mandatory postrelease supervision after her release from prison. County Court denied the motion, and sentenced defendant to a term of eight years' imprisonment plus five years of postrelease supervision. On appeal, the Appellate Division affirmed, concluding that "[d]efendant was not deprived of the benefit of her plea bargain . . . inasmuch as she agreed to a maximum period of imprisonment of 15 years and the eight-year prison term actually imposed, together with the five-year period of postrelease supervision, exposed her to a shorter total period of punishment" (19 AD3d 747, 748 [3d Dept 2005]). A Judge of this Court granted defendant leave to appeal.

In *People v Catu* (4 NY3d 242 [2005]), we held that postrelease supervision is a direct consequence of conviction of a violent felony offense for which a determinate sentence is imposed. "Because a defendant pleading guilty to a determinate sentence must be aware of the postrelease supervision component of that sentence in order to knowingly, voluntarily and intelligently choose among alternative courses of action, the failure of a court to advise of postrelease supervision requires reversal of

the conviction" (*id.* at 245). This was so even though the defendant did not establish that he would have declined to plead guilty if he had known about the postrelease supervision.

While defendant's sentence here, including postrelease supervision, was actually less than the maximum potential period of incarceration that she agreed to serve, this case is still indistinguishable from *Catu*. At the time defendant pleaded guilty, she did not possess all the information necessary for an informed choice among different possible courses of action because she was not told that she would be subject to mandatory postrelease supervision as a consequence of her guilty plea. Accordingly, defendant's decision to plead guilty cannot be said to have been knowing, voluntary and intelligent.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT, GRAFFEO, READ and R.S. SMITH concur in memorandum.

Order reversed, etc.