(May 22, 2008)

■ The People of the State of New York, Respondent, v Kent Edwards, Appellant. [857 NYS2d 567]—

Judgment, Supreme Court, New York County (William A. Wetzel, J.), rendered June 24, 2002, convicting defendant, upon his plea of guilty, of attempted rape in the first degree, and sentencing him to a term of 12 years, unanimously modified, on the law, to remit the matter to Supreme Court for resentencing that shall impose postrelease supervision as mandated by statute, and otherwise affirmed.

Defendant raises various issues relating to the voluntariness of his plea and the effectiveness of his representation by counsel. However, defendant expressly states that he does not wish his plea to be vacated, and instead requests that this Court remand for resentencing, or make an unspecified discretionary reduction in his sentence. Neither of these remedies is appropriate for any of defendant's claims (see People v Johnson, 25 AD3d 331 [2006], lv denied 6 NY3d 835 [2006]).

In any event, we find these claims without merit, with one exception. Defendant was never informed that a period of postrelease supervision would be added to his sentence of 12 years, and this rendered his plea involuntary (see People v Louree, 8 NY3d 541 [2007]; People v Van Deusen, 7 NY3d 744 [2006]; People v Catu, 4 NY3d 242 [2005]). However, the sole remedy to which this error would entitle him is vacatur of the plea (see People v Hill, 9 NY3d 189 [2007]), and, as noted, he declines such relief.

Since the trial court failed to impose postrelease supervision at the sentencing hearing, we are required to remit for resentencing (*see People v Sparber*, 10 NY3d 457 [2008]). Concur—Lippman, P.J., Mazzarelli, Friedman and Buckley, JJ.