09-1396-pr
Pignataro v. Poole

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## **SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of June , two thousand ten.

PRESENT:
> RALPH K. WINTER,
> PETER W. HALL,
> > *Circuit Judges*,
> MIRIAM GOLDMAN CEDARBAUM,[*]
> > *District Judge.*

_____

Anthony S. Pignataro,

> *Petitioner-Appellant*,

> v.                                                                                    No. 09-1396-pr

Thomas Poole,

> *Respondent-Appellee.*

_____

For Appellant:                                    ANTHONY S. PIGNATARO, *pro se*, Malone, New York.

For Appellee:                                     MICHAEL J. HILLERY, Assistant District Attorney (FRANK A. SEDITA III, District Attorney, *on the brief*), Erie County District Attorney's Office, Buffalo, New York.

Appeal from a judgment of the United States District Court for the Western District of New York (Scott, M.J.).

_____

[*] Judge Miriam Goldman Cedarbaum, of the United States District Court for the Southern District of New York, sitting by designation.

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGEDAND DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Petitioner-Appellant Anthony S. Pignataro, appeals *pro se* from a March 2009 judgment of the district court denying his 28 U.S.C. § 2254 petition for a writ of habeas corpus. We previously granted a certificate of appealability with respect to whether: (1) Appellant's plea was involuntary because he was not informed of a mandatory term of post release supervision ("PRS"); (2) Appellant received ineffective assistance of appellate counsel; and (3) Appellant's plea was involuntary because he was under the influence of psychiatric medication when pleading guilty. We assume the parties' familiarity with the relevant facts and procedural history.

In an appeal from an order denying § 2254 relief, we review conclusions of law *de novo* and findings of fact for clear error. *See Chalmers v. Mitchell*, 73 F.3d 1262, 1266 (2d Cir. 1996). Because a § 2254 petition seeks to overturn "a presumptively valid judgment of conviction," the petitioner bears the burden of proof throughout the habeas proceeding. *Pinkney v. Keane*, 920 F.2d 1090, 1094 (2d Cir. 1990) (citing 28 U.S.C. § 2254(d)). An adequate and independent finding of procedural default will bar federal habeas review of a constitutional claim unless the petitioner can demonstrate: (1) cause for the default and resulting prejudice; or (2) that failure to consider the claim will result in a fundamental miscarriage of justice. *See Harris v. Reed*, 489 U.S. 255, 262 (1989).

Appellant contends that his appellate counsel was constitutionally ineffective for failing to perfect Appellant's direct appeal and that the ineffective assistance of appellate counsel provided cause and prejudice for his procedural default. To prevail on a claim of ineffective

assistance of counsel, a petitioner must demonstrate that: (1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *See id.* at 694. The *Strickland* test is also used for claims of ineffective assistance of appellate counsel. *See Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994). To demonstrate prejudice in the context of appellate counsel's ineffective assistance, petitioner must show that "there was a reasonable probability that [his] claim would have been successful before the [state's highest court]." *Id.* at 534 (internal quotation and citation omitted). Appellate counsel is not required to raise every nonfrivolous argument on appeal, but a petitioner can demonstrate appellate counsel's ineffectiveness by showing that appellate counsel "omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." *Id.* at 533.

Appellant argues that the attorney who represented him on direct appeal should have argued, before the Appellate Division, that his guilty plea should be set aside because neither the trial court nor his trial counsel advised him that his conviction carried with it a mandatory five-year term of PRS. Concluding, for the reasons that follow, that Appellant cannot demonstrate prejudice from any such error, we find it unnecessary to consider whether appellate counsel's failure fell below an objective standard of reasonableness.

The sentencing transcript and original judgment of conviction both show that Appellant was sentenced to a determinate term of 15 years' imprisonment. Furthermore, there was no discussion of the PRS term during sentencing or in the judgment even though New York law

3

mandates a period of PRS whenever a determinate term of imprisonment is imposed, *see* New York Penal Law § 70.45, and the New York Court of Appeals has recognized that, under state law, PRS is a direct consequence of a guilty plea, *see People v. Catu*, 4 N.Y. 3d 242, 245 (2005). In order for Appellant to obtain federal habeas relief, however, he must establish that the trial court's failure to inform him of a PRS term was "contrary to, or involved an unreasonable application of, clearly established *Federal* law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1) (emphasis added).

The Supreme Court has held that a guilty plea must be a "voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970); *see also Wilson v. McGinnis*, 413 F.3d 196, 198-99 (2d Cir. 2005) (applying *Alford* to a § 2254 petition). A guilty plea is considered voluntary and intelligent if the defendant enters the plea with "full awareness of its 'direct consequences.'" *Wilson*, 413 F.3d at 199 (quoting *Brady v. United States*, 397 U.S. 742, 755 (1969)). The Supreme Court has not defined which consequences of a guilty plea are direct and which are collateral. This Court, however, has explained that direct consequences are those that have a "definite, immediate and largely automatic effect on the range of the defendant's punishment." *Id.* at 199 (quoting *United States v. U.S. Currency*, 895 F.2d 908, 915 (2d Cir. 1990)). There can be no unreasonable application of clearly established federal law as determined by the Supreme Court where there is an absence of a decision on the issue by the Supreme Court. *See Hines v. Miller*, 318 F.3d 157, 164 (2d Cir. 2003).

Here, although § 70.45 mandated a term of PRS, PRS was not "definite, immediate, and largely automatic" because it was subject to change. In 2006, we held that, where a PRS term

4

was not imposed as a part of the sentence at the time of sentencing, that term was not a part of the judgment, and the defendant was only subject to the written term of imprisonment. *See Earley v. Murray* ("*Earley I*") 451 F.3d 71, 75-76 (2d Cir. 2006) (holding that, where the trial court did not orally impose a PRS term, later administrative imposition of a PRS term was a violation of the § 2254 petitioner's due process rights because the only cognizable sentence is the one imposed by the judge); *Earley v. Murray* ("*Earley II*"), 462 F.3d 147, 149 (2d Cir. 2006) (confirming upon rehearing that a judicially imposed sentence includes only those elements explicitly ordered by the sentencing judge and recognizing that, although the original sentence could arguably be "unlawful" because a trial court failed to pronounce a PRS term, nonetheless the only sentence to which the defendant actually would be subject would be the term of imprisonment as articulated by the trial court). Thus, Appellant's "sentence" was comprised only of a term of imprisonment, and the State could not administratively impose a PRS term upon him.

Moreover, in *Earley II*, we specifically recognized that a PRS term could later be modified upon resentencing by the trial court. *See Earley II*, 462 F.3d at 149. Subsequently, the New York Court of Appeals held that, where a trial court failed to pronounce a PRS term, the matter must be remitted to the trial court for resentencing. *People v. Sparber*, 10 N.Y.3d 457, 465 (2008). Thereafter, the New York legislature enacted a provision that authorized a trial court to resentence a defendant who was not informed of PRS to impose the original term of imprisonment without a PRS term, upon consent of the district attorney.[1] *See* N.Y. Penal Law

---

[1] The New York Court of Appeals has refused to determine whether the imposition of the original term of imprisonment without a PRS term was sufficient to cure the deficiency of the plea allocution during which the defendant was not informed of a PRS term, explaining

5

§ 70.85 (2008). In a supplemental submission to this Court, the State has provided evidence that this option has been invoked in this case, in the form of an amended sentence and commitment order dated in May 2010 stating specifically that Pignataro has been sentenced to zero months of PRS. *See* Hillery Aff. at Exh. A.

In light of § 70.85 and the cases cited above, as well as the fact that the trial court has deleted the PRS term from Appellant's sentence, PRS was not "definite," nor was it "largely automatic." *Wilson*, 413 F.3d at 199. PRS, therefore, was not a direct consequence of Appellant's guilty plea. Moreover, in the absence of a Supreme Court ruling on the issue of whether PRS (or a similar state-imposed post-imprisonment term of supervision, such as parole) could be a direct consequence of a guilty plea, the trial court's acceptance of Appellant's guilty plea was not contrary to or an unreasonable application of federal law. *See* 28 U.S.C. § 2254(d)(1); *see also Hines*, 318 F.3d at 164. In other words, even if appellate counsel was deficient in failing to perfect the direct appeal, such deficiency did not prejudice Appellant, who is in the exact position for which he bargained when entering a guilty plea. Accordingly, Appellant is not entitled to habeas relief on his ineffective assistance of appellate counsel claim and, for the same reasons, has not shown prejudice sufficient to excuse the procedural default as to his PRS claim.

Finally, to the extent that Appellant claims that his plea was involuntary due to the effect

---

that the constitutionality of applying § 70.85 had not yet been considered by the trial court, and, thus, the issue was not sufficiently developed for consideration by the Court of Appeals. *People v. Boyd*, 12 N.Y. 3d 390, 394 (2009). Appellant has not filed an appeal from his resentencing to raise the issue of the constitutionality of § 70.85. Additionally, as there is no Supreme Court holding that casts doubt on the constitutionality of applying § 70.85, application of the provision would not be a basis for habeas relief. *See* 28 U.S.C. § 2254(d)(1).

of medication, this issue has not been exhausted in state court. The question of whether a plea of guilty was entered voluntarily within the meaning of the Constitution is a mixed question of law and fact. *See Matusiak v. Kelly*, 786 F.2d 536, 543 (2d Cir. 1986). For the plea to be voluntary, the defendant must at least have been competent to proceed and must have been aware of the true nature of the charge against him. *Id.* The defendant's competence is a question of fact, while the question of whether a plea was voluntary is a question of federal law. *Id.* at 544. A federal habeas court need not defer to a state court's factual determination if the record as a whole does not fairly support the determination. *Id.* (reviewing state trial court's implicit finding of defendants' competence).

In order to present a challenge to mental competence, Appellant must show that the medicines "deprive[d] [him] of the ability to consult with his lawyer 'with a reasonable degree of rational understanding' and to understand the proceedings against him rationally as well as factually." *See United States v. Nichols*, 56 F.3d 403, 412 (2d Cir. 1995) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960)). We have recognized that improper administration of psychiatric medication can render an individual temporarily incompetent. *United States v. Quintieri*, 306 F.3d 1217, 1233 (2d Cir. 2002). However, a review of the sentencing minutes shows that Appellant understood the proceedings against him. First, it is notable that Appellant was taking Elavil for insomnia. During the plea allocution, moreover, Appellant was able to consult his attorney on multiple occasions, provided information regarding his residence and the location of his crime, and clarified that he knew he was giving his ex-wife a dangerous substance in order to harm her but did not know that the substance was arsenic. Appellant correctly answered questions, and nothing in the plea transcript shows that he was confused or unable to

understand the proceedings. Thus, Appellant has not established that his ingestion of Elavil made him incompetent. *See Nichols*, 56 F.3d at 412; *Matusiak*, 786 F.2d at 543. Therefore, regardless of whether appellate counsel could have raised the issue of Appellant's competence on appeal and thus exhausted it, Appellant suffered no prejudice because of counsel's failure to do so.

We have considered Appellant's remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is AFFIRMED.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

8