[3 NE3d 1147, 980 NYS2d 899]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY S. PIGNATARO, Appellant.

Argued November 12, 2013; decided December 12, 2013

## POINTS OF COUNSEL

*Charles J. Greenberg*, Amherst, for appellant. Section 70.85 of the Penal Law is unconstitutional because it denied defendant of his right to withdraw his plea when produced for resentencing, thereby violating his due process and equal protection rights under the Fourteenth Amendment to the United States Constitution and article I, § 6 of the New York State Constitution. (*People v Boyd*, 12 NY3d 390; *People v Catu*, 4 NY3d 242; *People v Hill*, 9 NY3d 189; *People v Coles*, 62 NY2d 908; *People v Louree*, 8 NY3d 541; *People v Van Deusen*, 7 NY3d 744; *People v Verhow*, 83 AD3d 1528; *People v Cornell*, 16 NY3d 801; *People v Williams*, 82 AD3d 1576, 17 NY3d 810.)

*Frank A. Sedita, III, District Attorney*, Buffalo (*Michael J. Hillery* and *Donna A. Milling* of counsel), for respondent. Penal Law § 70.85 is constitutional. (*People v Catu*, 4 NY3d 242; *People v Hill*, 9 NY3d 189; *People v Foley*, 94 NY2d 668; *People v Bright*, 71 NY2d 376.)

*Eric T. Schneiderman, Attorney General*, New York City (*Jodi A. Danzig, Barbara D. Underwood* and *Roseann B. MacKechnie* of counsel), for Attorney General, intervenor. I. Penal Law § 70.85 protected defendant's right to due process by authorizing the trial court to re-impose exactly the sentence that it promised defendant when he pleaded guilty. (*People v Catu*, 4 NY3d 242; *People v Hill*, 9 NY3d 189; *People v Louree*, 8 NY3d 541; *People v Van Deusen*, 7 NY3d 744; *Earley v Murray*, 451 F3d 71, 462 F3d 147; *Wilson v McGinnis*, 413 F3d 196; *Santobello v New York*, 404 US 257; *People v Boyd*, 12 NY3d 390; *People v Chiacchiarini*, 91 AD3d 1118, 19 NY3d 863; *People v Torres*, 45 NY2d 751.) II. Defendant's facial challenge and equal

protection claim are unpreserved and meritless. (*People v Robinson*, 88 NY2d 1001; *People v Baumann & Sons Buses, Inc.*, 6 NY3d 404; *People v Stuart*, 100 NY2d 412; *People v Davis*, 13 NY3d 17.)

## OPINION OF THE COURT

RIVERA, J.

Defendant Anthony Pignataro challenges his resentencing under Penal Law § 70.85, claiming the statute is unconstitutional because it deprives him of his right to vacate his guilty plea. Finding no constitutional deprivation visited on the defendant by his resentencing under section 70.85, we affirm.

## I.

In November 2000, defendant Anthony Pignataro pleaded guilty to attempted assault in the first degree (Penal Law §§ 110.00, 120.10), a class C violent felony offense, in full satisfaction of a multi-count indictment alleging he poisoned his wife. During his plea colloquy, the trial court told defendant that he would receive a 5-to-15-year determinate sentence of incarceration. However, the court did not inform him that Penal Law § 70.45 required a period of postrelease supervision (PRS) to follow all determinate sentences. In February 2001, the court orally sentenced defendant to the maximum 15-year sentence, without pronouncing the mandatory term of PRS. Defendant did not perfect his direct appeal but brought various postconviction proceedings in state and federal courts, challenging his plea as involuntary (*see e.g. People v Pignataro*, 20 AD3d 892 [4th Dept 2005]; *Pignataro v Poole*, 381 Fed Appx 46 [2d Cir 2010]). In the present appeal, defendant challenges a resentencing proceeding brought under Penal Law § 70.85 on the same grounds.

Defendant's argument on appeal has its legal genesis in a series of cases decided by this Court, beginning with *People v Catu* (4 NY3d 242 [2005]). In *Catu*, we held that a trial court has the constitutional duty to inform a defendant of a mandatory term of PRS before accepting a guilty plea (*id.* at 245). We concluded that when the court does not so inform the defendant, the plea cannot represent "a voluntary and intelligent choice among the alternative courses of action open to the defendant," and the defendant has a right to vacate the involuntary plea (*id.*). The error identified in *Catu* was the same error that infected defendant's guilty plea.

Following *Catu*, we have repeatedly reaffirmed that a defendant could vacate a plea when the trial court failed to mention a mandatory term of PRS during the plea allocution. In *People v Van Deusen* (7 NY3d 744, 746 [2006]), we held that a defendant may vacate a plea even when the term imposed at sentencing, including both imprisonment and PRS, amounted to less time than the maximum term contemplated at the plea colloquy. In *People v Hill* (9 NY3d 189, 192 [2007]), we rejected an attempt to impose PRS through a resentencing proceeding that reduced the period of incarceration so that the total sentence term equaled the period discussed at the plea allocution. In *Hill*, we clarified that a *Catu* error "violated the defendant's due process rights—not the defendant's sentencing expectations" (*id.* at 193). Accordingly, even a resentencing proceeding that gave the defendant the benefit of a plea bargain could not remedy the underlying constitutional violation (*id.*).

In 2008, the legislature enacted Penal Law § 70.85 to provide trial courts with another means to address *Catu* errors and "avoid the need for pleas to be vacated" (Governor's Approval Mem, Bill Jacket, L 2008, ch 141 at 5-6, 2008 NY Legis Ann at 106). The statute authorizes a trial court to "re-impose," with the People's consent, "the originally imposed determinate sentence of imprisonment without any term of [PRS]" (Penal Law § 70.85). Section 70.85 thus makes an exception to Penal Law § 70.45 by allowing a determinate sentence without a term of PRS to stand as a legal sentence.

In May 2010, the People moved Supreme Court to resentence defendant under Penal Law § 70.85. In response, defendant challenged the proceeding as unconstitutional because it did not permit him to withdraw his involuntary plea, claiming he had an undeniable right to such relief under *Catu* and its progeny. He asked the court to vacate his plea or, alternatively, to adjourn the proceeding pending the resolution of his federal habeas corpus petition, which was then on appeal from the Western District of New York to the United States Court of Appeals for the Second Circuit. Supreme Court rejected defendant's arguments, and resentenced him under section 70.85 to a determinate term of 15 years without PRS.[1]

In June 2010, after Supreme Court resentenced defendant, the Second Circuit affirmed the District Court's order dismissing

---

1. Supreme Court directed defendant's sentence to run consecutive to a previous, unrelated sentence.

his federal habeas petition (*Pignataro v Poole*, 381 Fed Appx 46 [2d Cir 2010]). Following its earlier precedent, the Second Circuit held that the unimposed, mandatory period of PRS was not a direct consequence of defendant's conviction (*id.* at 49-50; *see Earley v Murray*, 451 F3d 71, 75-76 [2d Cir 2006]; *Earley v Murray*, 462 F3d 147, 149 [2d Cir 2006]). As a result, the Court concluded, defendant's plea had been knowing and voluntary, even though the trial court had not informed him of the mandatory PRS term (*Pignataro*, 381 Fed Appx at 49-50).

Meanwhile, defendant appealed Supreme Court's resentencing order to the Appellate Division, which affirmed in a memorandum opinion (*People v Pignataro*, 93 AD3d 1250 [4th Dept 2012]). Defendant appeals from the Appellate Division order, claiming that Penal Law § 70.85 is unconstitutional because it denies him the right to vacate his guilty plea. His appeal squarely presents this Court with the question of the constitutionality of section 70.85, which we left open in *People v Boyd* (12 NY3d 390 [2009]).[2] A Judge of this Court granted defendant leave to appeal, and we affirm.

## II.

By now it is well established that the State Constitution requires a trial court to ensure that a defendant has a "full understanding of what the plea connotes and its consequences" (*People v Ford*, 86 NY2d 397, 402-403 [1995] [citations omitted]). A guilty plea made without notification from the court about the direct consequence of a PRS term violates the Constitution because it could not have been "a voluntary and intelligent choice among the alternative courses of action" (*Catu*, 4 NY3d at 245; *see also Van Deusen*, 7 NY3d at 745-746; *People v Louree*, 8 NY3d 541, 545-546 [2007]; *Hill*, 9 NY3d at 191-192; *Boyd*, 12 NY3d at 395-396). A court must remedy this constitutional defect by vacating the plea (*Catu*, 4 NY3d at 245; *Van Deusen*, 7 NY3d at 745-746; *Louree*, 8 NY3d at 545-546; *Hill*, 9 NY3d at 191-192).

Defendant interprets *Catu* and its progeny as foreclosing any remedy other than vacatur of his plea, and contends that the legislature lacks power to develop a statutory remedy for his defective plea. Defendant is mistaken and relies on a narrow reading of the case law.

---

**2.** In *Boyd*, we concluded that the constitutionality of section 70.85 "should be determined by Supreme Court in the first instance" (*Boyd*, 12 NY3d at 394).

Prior to the enactment of section 70.85, trial courts lacked a mechanism to impose a determinate sentence without a term of PRS (*see* Penal Law § 70.45; *People v Sparber*, 10 NY3d 457, 470 [2008]). Thus, courts had no legal authority to impose a sentence based on the defendant's understanding of available alternatives at the time of the plea. In order to save pleas from vacatur, courts resorted to imposing creative sentences that included PRS but attempted to honor defendants' sentencing expectations. This Court rejected those attempted remedies for *Catu* errors as they lacked a basis in law (*see Hill*, 9 NY3d at 191-192; *see also Matter of Garner v New York State Dept. of Correctional Servs.*, 10 NY3d 358, 362-363 [2008]; *Sparber*, 10 NY3d at 470). No part of the analysis in our *Catu* line of cases, however, prevented the legislature from amending the sentencing laws for pleas defective under *Catu* such that a defendant who was not informed of mandatory PRS during the plea colloquy could be resentenced, upon the People's consent, without a PRS term. With Penal Law § 70.85, the legislature made such a change.

Defendant argues that even assuming that the legislature has the authority to design a remedy, it cannot cure his defective plea simply by giving him the benefit of his plea bargain. As defendant observes, we resoundingly rejected this approach in *Van Deusen* and *Hill* (*see Van Deusen*, 7 NY3d at 746; *Hill*, 9 NY3d at 192). Citing *Hill*, defendant contends that his plea was defective because the plea itself was involuntary, not because his sentencing expectations went unmet (*see Hill*, 9 NY3d at 192-193). Thus, he argues, no "benefit of the bargain," even one that fulfills the precise terms of defendant's original sentence, can rectify his constitutionally invalid plea.

The People, and intervenor State of New York, counter that section 70.85 merely permits Supreme Court to resentence defendant to the original sentence imposed as a result of his plea.[3] In an effort to harmonize our decisions in *Van Deusen* and *Hill* with this argument, they contend that in those cases we merely prohibited resentencing to a sentence roughly equivalent, but still different, from the one originally pronounced during the

---

**3.** Alternatively, the State of New York asks us to adopt the reasoning used by the Second Circuit in rejecting defendant's habeas petition (*see Pignataro*, 381 Fed Appx at 50). The State asserts that PRS was not a direct consequence of defendant's conviction, and, thus, Supreme Court's failure to inform him of PRS did not violate the Constitution. This conclusion directly contradicts this Court's *Catu* line of cases, and, since the Second Circuit's interpretation of the Federal Constitution does not bind us (*see Flanagan v Prudential-Bache Sec.*, 67 NY2d 500, 506 [1986]), we decline the invitation to overrule our precedent.

defendant's plea allocution. In *Van Deusen*, the sentence included a combined term of incarceration and PRS that totaled less than the maximum potential period of incarceration for which defendant pleaded (*see Van Deusen*, 7 NY3d at 746). In *Hill*, the new sentence consisted of a period of imprisonment less than the determinate sentence originally imposed, followed by a period of PRS that together equaled the incarceratory period of the original sentence (*see Hill*, 9 NY3d at 192).

Here, the People and the State argue, defendant received the same sentence that he would have received under the plea agreement and not merely some rough equivalent. In fact, the trial court made no adjustments to his period of imprisonment and did not impose PRS. It thus represents a constitutional remedy for the *Catu* error.

This equivalency argument is unpersuasive as it is merely a creative reimagining of the benefit of the bargain approach to a *Catu* error. We are similarly unpersuaded by defendant's argument that section 70.85 provides nothing more than a statutory version of the types of remedies we have rejected in the past.

Mindful of the constitutional rights at issue in cases involving a *Catu* error, we find that section 70.85 is a constitutionally permissible legislative remedy for the defectiveness of the plea. Defendant's plea was knowing and voluntary because the legislature has changed the sentencing laws governing pleas vulnerable to a *Catu* challenge. Section 70.85 ensures that defendant, who is no longer subject to PRS, pleaded guilty with the requisite awareness of the direct consequences of his plea.

## III.

On resentencing, Supreme Court exercised its discretion under Penal Law § 70.85 to enforce defendant's plea agreement by sentencing him to a 15-year determinate sentence without PRS.

For these reasons, the order of the Appellate Division should be affirmed.

Chief Judge LIPPMAN and Judges GRAFFEO, READ, SMITH, PIGOTT and ABDUS-SALAAM concur.

Order affirmed.