People v Whitted (2020 NY Slip Op 03420)





People v Whitted


2020 NY Slip Op 03420


Decided on June 17, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
RUTH C. BALKIN
SYLVIA O. HINDS-RADIX, JJ.


2017-10127
 (Ind. No. 35/17)

[*1]The People of the State of New York, respondent,
v
David A. Whitted, appellant.


Thomas N. N. Angell, Poughkeepsie, NY (Steven Levine of counsel), for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Edward T. McLoughlin, J.), rendered August 7, 2017, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which he moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of Thomas N. N. Angell for leave to withdraw as counsel is granted, and he is directed to turn over all papers in his possession to the appellant's new counsel assigned herein; and it is further,
ORDERED that Del Atwell, 39 5th Street, East Hampton, NY 11937, is assigned as counsel to prosecute the appeal; and it is further,
ORDERED that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated January 26, 2018, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties. The parties are directed to file one original and five duplicate hard copies, and one digital copy, of their respective briefs, and to serve one hard copy on each other (see 22 NYCRR 1250.9[a][4]; [c][1]).
In reviewing an attorney's motion to be relieved pursuant to Anders v California (386 US 738), this Court must first " satisfy itself that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal'" (Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 255, quoting Penson v Ohio, 488 US 75, 83). This requires counsel, in his or her brief, among other things, to "identify possible issues for appeal, [*2]with reference to the facts of the case and relevant legal authority" (Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258 [emphasis added]). The Anders brief submitted by the appellant's counsel failed in that respect. The analysis portion of the brief merely sets forth certain conclusions without explanation or reference to the facts of this case, and, generally, without citation to legal authority (see People v Santos, 180 AD3d 941, 942). Further, the brief mentioned the possibility that a recusal motion was made without providing any background facts to support the contention that no nonfrivolous issues existed related to any such motion.
Moreover, upon this Court's independent review of the record, we conclude that nonfrivolous issues exist, including, but not necessarily limited to, whether the appellant's plea of guilty was not knowing, intelligent, or voluntary because the plea court did not specify the duration of the period of postrelease supervision to be imposed or, alternatively, the maximum potential duration of postrelease supervision that could be imposed (see People v Boyd, 12 NY3d 390, 393; People v Robinson, 160 AD3d 774, 777). Accordingly, under the circumstances, we must assign new counsel to represent the appellant.
SCHEINKMAN, P.J., MASTRO, BALKIN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court