People v Wolfe (2021 NY Slip Op 05597)





People v Wolfe


2021 NY Slip Op 05597


Decided on October 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
REINALDO E. RIVERA
COLLEEN D. DUFFY
WILLIAM G. FORD, JJ.


2017-12245 ON MOTION
 (Ind. No. 69/17)

[*1]The People of the State of New York, respondent,
v
Brian Wolfe, appellant.


Thomas N. N. Angell, Poughkeepsie, NY (Steven Levine of counsel), for appellant, and appellant pro se.
William V. Grady, District Attorney, Poughkeepsie, NY (Bridget Rahilly Steller and Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Edward T. McLoughlin, J.), rendered October 2, 2017, convicting him of course of sexual conduct against a child in the first degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which he moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of Thomas N. N. Angell for leave to withdraw as counsel is granted, and he is directed to turn over all papers in his possession to the appellant's new counsel assigned herein; and it is further,
ORDERED that Salvatore C. Adamo, 1345 Avenue of the Americas, 2nd Floor, New York, NY 10105, is assigned as counsel to prosecute the appeal; and it is further,
ORDERED that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated February 8, 2018, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers (including a certified transcript of the proceedings) and on the briefs of the parties. The parties are directed to upload, through the digital portal on this Court's website, digital copies of their respective briefs, with proof of service of one hard copy on each other (see 22 NYCRR 670.9[a]).
In reviewing an attorney's motion to be relieved pursuant to Anders v California (386 US 738), this Court must initially determine whether "'the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal'" (Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 255, quoting Penson v Ohio, 488 US 75, 83). Counsel is therefore required "in his or her brief, among other things, to 'identify possible issues for appeal, with reference to any facts of the case and relevant legal authority'" (People v Whitted, 184 AD3d 771, 772, quoting Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258). "'[W]here counsel has failed in his or her role as advocate by filing a deficient brief, on this basis [*2]alone, new counsel will be assigned to represent the appellant on the appeal'" (People v Bowen, 192 AD3d 905, 906, quoting Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258).
Here, the brief submitted by the appellant's assigned counsel pursuant to Anders v California (386 US 738) is deficient. The brief asserts that the sentence imposed was a legal sentence and that none of the issues which generally survive an appeal waiver exist in this case without citing any legal authority or facts to support those conclusions (see e.g. People v Whitted, 184 AD3d at 772; People v Santos, 180 AD3d 941, 942). The brief concludes, without more, that upon an examination of the record, no nonfrivolous issues could be raised on appeal.
Moreover, upon this Court's independent review of the record, we conclude that potentially nonfrivolous issues exist, including, but not necessarily limited to, whether the appellant's plea was knowing, voluntary, and intelligent given that the plea court informed the appellant during his plea that a term of postrelease supervision would be imposed as part of his sentence without specifying either the specific period of postrelease supervision to be imposed or the maximum potential duration of postrelease supervision that may be imposed (see People v Whitted, 184 AD3d at 772; see e.g. People v Robinson, 160 AD3d 774, 777). "[I]t is inappropriate for this Court to analyze the merits of any particular appellate issue where the appellant has not received the benefit of a merits-based brief prepared by counsel" (Matter of Giovanni S. [Jasmin A.], 89 AD3d at 259). Accordingly, under the circumstances, we must assign new counsel to represent the appellant.
LASALLE, P.J., RIVERA, DUFFY and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court