People v Ndiaye

2026 NY Slip Op 03080

May 14, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,

v

Babacrae Ndiaye, Defendant-Appellant.

Decided and Entered: May 14, 2026

Ind No. 72722/23|Appeal No. 6641|Case No. 2024-06234|

Before: Manzanet-Daniels, J.P., Kennedy, Friedman, Gesmer, Rosado, JJ.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Rina DeFrancesco of counsel), for appellant.

Alvin L. Bragg, Jr., District Attorney, New York (Stacie Nadel of counsel), for respondent.

[*1]

Judgment, Supreme Court, New York County (Michele S. Rodney, J.), rendered May 16, 2024, convicting defendant, upon his plea of guilty, of two counts of assault in the first degree, and sentencing him to concurrent terms of nine years followed by five years of postrelease supervision (PRS), unanimously reversed, on the law, the plea vacated, and the matter remanded for further proceedings.

The record does not establish that the court advised defendant when he pleaded guilty that the sentence would include a period of PRS. Consequently, the plea "cannot be deemed knowing, voluntary and intelligent" (People v Hill, 9 NY3d 189, 191—192 [2007], cert denied 553 US 1048 [2008]; People v Catu, 4 NY3d 242, 245 [2005]), and it must be vacated.

Where a trial judge does not fulfill the obligation to advise a defendant of PRS during the plea allocution, "the defendant may challenge the plea as not knowing, voluntary and intelligent on direct appeal, notwithstanding the absence of a post-allocution motion" (People v Louree, 8 NY3d 541, 546 [2007]; see also People v Boyd, 12 NY3d 390, 393 [2009]. The prosecution's reference to its offer of PRS at the plea proceeding does not change this conclusion where the court itself never mentioned PRS at the plea proceeding (see Louree, 8 NY3d at 545). Similarly, defendant's failure to move to withdraw the plea or vacate the judgment of conviction does not bar him from raising the issue at this time.

In view of the foregoing, we need not reach defendant's excessive sentence claim.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 14, 2026