■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROBERT J. TAVANO, Respondent.—Judgment of resentence unanimously modified, on the law, and, as modified, affirmed, in accordance with the following memorandum: Defendant was convicted of two felonies and two counts of a class A misdemeanor in connection with the theft of approximately $400,000. He was sentenced to an indeterminate term of imprisonment not to exceed five years for the crime of grand larceny in the second degree; an indeterminate term of imprisonment not to exceed four years for the crime of offering a false instrument for filing; and a one-year term of imprisonment for each count of giving unlawful gratuities. In addition, a fine in the amount of $300,000 was imposed on the grand larceny count. After the convictions had been affirmed in this court and subsequent to the retirement of the sentencing Justice, defendant made postjudgment motions to vacate the judgments and set aside or modify the sentences. These motions were denied by a

different Justice of the Supreme Court who treated defendant's papers as an application to be resentenced pursuant to CPL 420.10 (subd 4). Following a hearing, however, the same Supreme Court Justice modified defendant's sentence by eliminating the fine and reducing the maximum five- and four-year terms of imprisonment previously imposed by the retired Justice on the felony counts to indeterminate terms not to exceed three years. The power of a court of original jurisdiction to review a sentence is narrowly limited by case law and statute (see *Matter of Hennessy v Cunningham,* 57 AD2d 298; CPL 430.10). CPL 420.10 (subd 4) authorizes a court to modify a sentence imposing a fine at any time upon a finding that the defendant is unable to pay the fine in whole or in part. This section, however, does not authorize a court to reduce a sentence of imprisonment previously imposed. The Practice Commentary to CPL 420.10 states that the "merit of subdivision 4 is that it provides a method for reconsidering the entire sentence in the light of the fact that the defendant is unable to pay the fine. Upon such review the court might substitute a sentence of conditional or unconditional discharge, or impose a term of imprisonment as a *substitute* sanction" (emphasis added) (Preiser, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 420.10, p 165). Our conclusion that paragraph (d) of subdivision 4 goes no further than authorizing the substitution of a term of imprisonment or a discharge in place of a revoked fine, also finds support in the manner in which the statute is drafted. We observe that paragraph (c) of subdivision 4 specifically applies to those situations in which "the sentence consists of probation or imprisonment and a fine". No such similar language is found in paragraph (d). A holding that CPL 420.10 (subd 4, par [d]) would permit a sentencing court to change a sentence of imprisonment would have the incongruous effect of giving more rights to persons sentenced to prison terms to which a fine has been added than to persons sentenced solely to prison terms, since the latter groups' sentences could not be changed after they had commenced (CPL 430.10), while the former groups' sentences could be adjusted at any time (CPL 420.10, subd 4). Such an anomalous result is one which we do not believe was contemplated by the Legislature. The resentencing court properly eliminated the fine, but incorrectly reduced the sentences of imprisonment. Accordingly, the original sentences of imprisonment must be reinstated. (Appeal from judgment of Niagara Supreme Court—resentence.) Present—Cardamone, J. P., Schnepp, Callahan, Doerr and Moule, JJ.