■ The People of the State of New York, Respondent, v Adam Bennefield, Appellant. (Appeal No. 1.) [761 NYS2d 906] —Appeal from a judgment of Supreme Court, Erie County (Rossetti, J.), entered November 17, 2000, convicting defendant upon his plea of guilty of attempted kidnapping in the second degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: The record establishes that defendant voluntarily, knowingly and intelligently waived his right to appeal

(*see People v Hidalgo*, 91 NY2d 733, 736 [1998]; *People v DeJesus*, 248 AD2d 1023 [1998], *lv denied* 92 NY2d 878 [1998]). That waiver encompasses defendant's contention that the sentences imposed on the convictions in both appeals are unduly harsh and severe (*see People v Lococo*, 92 NY2d 825, 827 [1998]). The further contention of defendant that the guilty pleas were involuntarily entered survives his waivers of the right to appeal, but defendant failed to preserve that contention for our review by moving to withdraw the pleas or to vacate the judgments of conviction (*see People v Faison*, 270 AD2d 717 [2000]; *DeJesus*, 248 AD2d 1023 [1998]). Defendant contends that Supreme Court erred in denying defense counsel's request to obtain expert psychiatric services pursuant to County Law § 722-c with respect to a possible insanity defense. Even assuming, arguendo, that defendant's contention survives the guilty pleas (*see generally People v Di Donato*, 87 NY2d 992, 993 [1996]), we conclude that it lacks merit (*see People v Carpenter*, 240 AD2d 863, 864 [1997], *lv denied* 90 NY2d 902 [1997]). Finally, although issues relating to defendant's competency survive both the waivers of the right to appeal and the guilty pleas themselves (*see People v Callahan*, 80 NY2d 273, 280 [1992]; *People v Armlin*, 37 NY2d 167, 172 [1975]), defendant was examined and found to be competent on two occasions, including two days before the plea proceedings, and nothing in the record casts doubt upon his fitness to proceed. Thus, the court did not abuse its discretion in declining to order a further competency examination (*see People v Morgan*, 87 NY2d 878, 879-880 [1995]). Present—Pigott, Jr., P.J., Green, Wisner, Burns and Gorski, JJ.