■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DIONISIO MONTANEZ, Appellant. [866 NYS2d 33]—

Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered June 27, 2007, convicting defendant, upon his plea of guilty, of burglary in the second degree and criminal contempt in the first degree, and sentencing him, as a second felony offender, to concurrent terms of five years and 1 1/3 to 3 years, respectively, unanimously reversed, on the law, the plea vacated, the full indictment reinstated, and the matter remanded to Supreme Court for further proceedings.

When defendant pleaded guilty to second-degree burglary, the court did not advise him that his sentence would include postrelease supervision (PRS); accordingly, he is entitled to reversal of the conviction (*see People v Louree*, 8 NY3d 541, 545-546 [2007]; *People v Catu*, 4 NY3d 242, 245 [2005]). Since PRS was a direct consequence of the guilty plea that defendant actually entered and upon which he was actually sentenced, it is of no moment that the court also offered defendant an opportunity to have the felony plea replaced by a misdemeanor disposition not involving PRS, upon certain conditions that defendant ultimately failed to satisfy. Vacatur of the plea, not specific enforcement of the plea agreement, is the appropriate remedy (*People v Hill*, 9 NY3d 189, 191 [2007], *cert denied* 553 US —, 128 S Ct 2430 [2008]; *People v Van Deusen*, 7 NY3d 744 [2006]), and we reject the People's argument to the contrary.

Penal Law § 70.85, effective June 30, 2008, which permits a defendant to be resentenced to a term of imprisonment without any period of PRS under certain circumstances, is expressly limited in application to those cases in which the sentencing

court imposed a determinate sentence but "did not explicitly state such a term when pronouncing sentence." In this case, the PRS term was explicitly stated at the time of sentence.

We have considered and rejected the People's remaining arguments. Concur—Lippman, P.J., Andrias, Buckley, Sweeny and Renwick, JJ.