THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY PUNTERVOLD, Appellant. [875 NYS2d 796]—

Appeals by the defendant from (1) a judgment of the County Court, Suffolk County (Gazzillo, J.), rendered May 30, 2003, convicting him of criminal sale of a controlled substance in the second degree under indictment No. 2552-02, upon his plea of guilty, and imposing sentence, and (2) a judgment of the same court, also rendered May 30, 2003, convicting him of robbery in the first degree and sexual abuse in the first degree under indictment No. 3088-02, upon his plea of guilty, and imposing sentence.

Ordered that the judgments are reversed, on the law, the pleas are vacated, and the matters are remitted to the County Court, Suffolk County, for further proceedings in accordance herewith and for the entry of an order pursuant to Correction Law § 168-n (5).

The plea minutes reveal that the defendant was not informed, prior to entering his plea on indictment No. 3088-02, that his sentence would necessarily include a period of postrelease supervision. Therefore, the plea on that indictment must be vacated (*see People v Hill*, 9 NY3d 189, 193 [2007]; *People v Louree*, 8 NY3d 541, 545 [2007]; *People v Catu*, 4 NY3d 242, 245 [2005]; *People v Lorick*, 59 AD3d 567 [2009]). Moreover, inasmuch as the defendant's plea of guilty on indictment No. 2552-02 was induced by the promise that the sentences on the two indictments would run concurrently, reversal of the judgment on indictment No. 3088-02 requires reversal of the judgment on indictment No. 2552-02 as well (*see People v Rowland*, 8 NY3d 342, 344-345 [2007]; *People v Pichardo*, 1 NY3d 126, 129 [2003]; *People v Boston*, 75 NY2d 585, 589 [1990]; *People v Fuggazzatto*, 62 NY2d 862, 863 [1984]).

The People's contention that Penal Law § 70.85 permits the

court to resentence the defendant on indictment No. 3088-02 to determinate prison terms not including postrelease supervision is without merit as the plain language of that statute makes it inapplicable to cases, such as this one, in which the sentencing court explicitly imposed a period of postrelease supervision at sentencing (*see People v Montanez*, 55 AD3d 372, 372-373 [2008]). Rivera, J.P., Ritter, Covello and Angiolillo, JJ., concur.