■ The People of the State of New York, Respondent, v Stephon Rucker, Appellant. [888 NYS2d 313]—

Garry, J. Appeal from a judgment of the County Court of Schenectady County (Giardino, J.), rendered January 29, 2008, convicting defendant upon his plea of guilty of the crimes of burglary in the first degree (two counts), robbery in the second degree (four counts), assault in the third degree (two counts) and grand larceny in the fourth degree (two counts).

In November 2005, defendant allegedly assaulted and robbed two people in their apartment in the City of Schenectady, Schenectady County. He was subsequently indicted for kidnapping in the second degree (two counts), burglary in the first degree (two counts), robbery in the second degree (four counts), assault in the third degree (two counts), and grand larceny in the fourth degree (two counts). After a *Wade* hearing, County Court determined, among other things, that the circumstances under which the police conducted an identification from a photographic array were not unduly suggestive. Defendant waived his right to a jury trial and elected to proceed to a bench trial. Following opening statements on the day of trial, he pleaded guilty to the offenses charged in the indictment except for the two kidnapping counts, which were dismissed pursuant to the plea agreement. He was subsequently sentenced to an aggregate prison term of 12 years and five years of postrelease supervision. Defendant now appeals.

Contrary to defendant's claim, we find that he knowingly, intelligently and voluntarily waived his right to appeal. During

the plea colloquy, County Court explained the waiver of the right to appeal to defendant in plain and clear language. Defendant stated that he understood, and then further reviewed a written waiver with his counsel and signed it in open court. When the court asked him if he had any questions about his plea or his waiver of the right to appeal, he responded by apologizing for his actions. The record as a whole establishes the validity of the waiver (*see People v Lopez*, 6 NY3d 248, 256-257 [2006]; *People v Rosseter*, 62 AD3d 1093, 1094 [2009]; *People v Collins*, 53 AD3d 932, 933 [2008], *lv denied* 11 NY3d 831 [2008]). This determination precludes our review of defendant's suppression claim (*see People v Kemp*, 94 NY2d 831, 833 [1999]; *People v McMillan*, 55 AD3d 1064, 1066 [2008], *lv denied* 11 NY3d 899 [2008]).

Defendant's challenges to the voluntariness of his plea survive his waiver of the right to appeal (*see People v Seaberg*, 74 NY2d 1, 10 [1989]; *People v McMillan*, 55 AD3d at 1065). Relying on the holding of the Court of Appeals in *People v Catu* (4 NY3d 242, 245 [2005]), defendant contends that his plea must be vacated because he was not advised during the plea colloquy that postrelease supervision would be a component of his sentence. While the People concede that County Court's failure to mention postrelease supervision during the allocution renders the plea defective, they contend that the matter should be remitted pursuant to Penal Law § 70.85 to the sentencing court where, with the District Attorney's consent, defendant may be sentenced to the agreed-upon term of imprisonment without any term of postrelease supervision.*

Penal Law § 70.85 took effect on June 30, 2008, and establishes a statutory exception to mandatory postrelease supervision under certain circumstances. The provision was passed as a response to recent decisions of the Court of Appeals addressing the consequences of the failure of sentencing courts to pronounce mandatory terms of postrelease supervision at the time of sentencing (*see People v Sparber*, 10 NY3d 457, 469-472 [2008]; *Matter of Garner v New York State Dept. of Correctional Servs.*, 10 NY3d 358, 362-363 [2008]). The statute's legislative history indicates that it was also intended, in part, to avoid the need to vacate guilty pleas under *Catu* when defendants are not properly advised of mandatory terms of postrelease supervision (*see* Governor's Approval Mem, Bill Jacket, L 2008, ch 141, at 13-14; *People v Boyd*, 12 NY3d 390, 393-394 [2009]). However,

---

* Defendant was not required to move to withdraw his plea in order to preserve this claim for appellate review (*see People v Louree*, 8 NY3d 541, 545-546 [2007]; *People v Rivera*, 51 AD3d 1267, 1268-1269 [2008]).

the provision's application is limited by its plain language *"only to cases in which . . . the court did not explicitly state . . . a term [of postrelease supervision] when pronouncing sentence"* (Penal Law § 70.85 [emphasis added]). In this matter, although County Court failed to mention postrelease supervision during the plea colloquy, it did explicitly state the terms of mandatory postrelease supervision at the time of sentencing. Penal Law § 70.85 is therefore inapplicable (*see People v Puntervold*, 60 AD3d 1090, 1090-1091 [2009]; *People v Montanez*, 55 AD3d 372, 372-373 [2008], *lv granted* 12 NY3d 760 [2009]). As a result of the failure to advise defendant during the allocution that postrelease supervision would be a component of his sentence, the plea must be vacated (*see People v Catu*, 4 NY3d at 245; *People v Rivera*, 51 AD3d 1267, 1270 [2008]).

This determination makes it unnecessary to reach defendant's claim that County Court failed to properly advise him of a potential intoxication defense. In any event, this claim is without merit because the court fully satisfied its obligation in this regard (*see People v Sterling*, 57 AD3d 1110, 1112 [2008], *lv denied* 12 NY3d 788 [2009]; *People v Munck*, 278 AD2d 662, 662-663 [2000]).

Mercure, J.P., Lahtinen, Kane and McCarthy, JJ., concur. Ordered that the judgment is reversed, on the law, plea vacated, and matter remitted to the County Court of Schenectady County for further proceedings not inconsistent with this Court's decision.