■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY CAPERS, Appellant. [891 NYS2d 23]—

The court properly resentenced defendant to comply with the requirement that a term of postrelease supervision (PRS) be part of the court's oral pronouncement of sentence. This case presents a variation on the interplay between *People v Sparber* (10 NY3d 457 [2008]) and *People v Catu* (4 NY3d 242 [2005]).

Defendant pleaded guilty without being informed that the sentence was required to include a period of PRS (*see Catu*), and PRS was not imposed by the court, but by the Department of Correctional Services (*see Sparber*). At a resentencing proceeding under Correction Law § 601-d, defendant opposed the addition of PRS on the ground, among others, that he was entitled to specific performance of his plea bargain, which contained no provision for PRS, in that he had performed his part of the bargain by serving his sentence. Defendant did not, and does not presently, seek to withdraw his plea.

Without the prosecutor's consent (*see* Penal Law § 70.85), omission of PRS would render defendant's sentence illegal. To the extent that the original sentence promise was a five-year prison term with no mention of PRS, that promise was unauthorized. Accordingly, defendant is not entitled to specific performance of an illegal plea bargain (*see People v Cooney*, 290 AD2d 727, 728 [2002], *lv denied* 97 NY2d 752 [2002]). *People v Jones* (75 AD2d 734 [1980]), cited by defendant, is not to the contrary because it does not involve an unlawful sentence promise. In any event, simply serving his sentence was not the type of additional "performance," going beyond giving up the right to a trial, that would entitle defendant to specific performance as a matter of fairness (*see People v Danny G.*, 61 NY2d 169 [1984] [testifying for prosecution]; *People v McConnell*, 49 NY2d 340 [1980] [same]).

We have considered and rejected defendant's procedural arguments regarding the specific performance issue. Defendant's remaining challenges to his resentencing are similar to arguments rejected by this Court in *People v Hernandez* (59 AD3d 180 [2009], *lv granted* 12 NY3d 817 [2009]). Concur—Gonzalez, P.J., Tom, Andrias, Nardelli and Richter, JJ.