THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRYON K. RUSS, Appellant. [891 NYS2d 807]—

Memorandum: Defendant was convicted upon a jury verdict of, inter alia, robbery in the first degree (Penal Law § 160.15 [2]), and he appeals from the resentence on that conviction. Ontario County Court (Harvey, J.) sentenced defendant to concurrent determinate terms of imprisonment on each count (*People v Russ*, 292 AD2d 862 [2002], *lv denied* 98 NY2d 713 [2002], 99 NY2d 539 [2002]), but failed to state that it was imposing an additional period of postrelease supervision with respect to each count, as required by Penal Law § 70.45 (1). Defendant thereafter moved to set aside the sentence as illegal pursuant to CPL 440.20 (1) and, with the consent of the People, County Court (Kocher, J.) resentenced defendant to the originally imposed determinate sentences of imprisonment with no postrelease supervision, pursuant to Penal Law § 70.85. We agree with defendant that the court at resentencing erred in directing that the sentences shall run consecutively to a sentence imposed by Wayne County Court subsequent to the conviction in Ontario County. "The power of a court of original jurisdiction to review a sentence is narrowly limited by case law and statute" (*People v Tavano*, 67 AD2d 1090, 1091 [1979]; *see generally* CPL 430.10). In resentencing defendant pursuant to Penal Law § 70.85, the court had no authority to direct that the

sentences run either concurrently with or consecutively to the sentence imposed by Wayne County Court. We therefore modify the resentence accordingly. We have considered the contentions of defendant in his pro se supplemental brief and conclude that they are lacking in merit. Present—Scudder, P.J., Smith, Peradotto, Green and Gorski, JJ.