■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND B. GRIMM, Appellant. [895 NYS2d 220]—

Mercure, J.P.

Defendant was charged in a seven-count indictment with various crimes arising from his sexual abuse of a young girl. Prior to trial, he pleaded guilty to two counts of predatory sexual assault against a child and agreed to waive his right to appeal in return for a prison term of 18 years. He was further advised by County Court that it would only be bound by its sentencing promise if he continued to accept responsibility for the crimes and was honest with the Probation Department during the presentence investigation. The People moved for imposition of an enhanced sentence based upon defendant's failure to admit to the crimes during the Probation Department's investigation, and defendant moved to set aside his guilty plea. County Court denied defendant's motion, granted the People's motion, and sentenced defendant to an aggregate prison term of 50 years and postrelease supervision of five years.[1] Defendant now appeals, arguing, among other things, that his plea was not knowing, intelligent and voluntary. As defendant was not advised of the length of the period of mandatory postrelease supervision prior to sentencing, we agree that vacatur is required.

Initially, while defendant purportedly waived his right to appeal, the postrelease supervision issue relates to the voluntariness of defendant's plea and, thus, survives any appeal waiver (see People v Seaberg, 74 NY2d 1, 10 [1989]; People v Rucker, 67 AD3d 1126, 1127 [2009]). Nor was defendant required to raise

---

1. The People requested that defendant's convictions be reduced to the lesser crimes of rape in the first degree and criminal sexual act in the first degree in order to render determinate prison sentences legally permissible (see Penal Law §§ 70.00, 70.02, 70.80 [3], [6], [7] [b]). County Court did not explicitly rule on that motion at sentencing, but nevertheless imposed determinate prison terms on both counts and later issued an order amending the uniform sentence and commitment to reflect convictions upon the lesser charges.

it in his motion to vacate the plea, as preservation of the issue by postallocution motion is not required (*see People v Boyd*, 12 NY3d 390, 393 [2009]; *People v Louree*, 8 NY3d 541, 545-546 [2007]; *People v Rucker*, 67 AD3d at 1127 n).

Turning to the merits, for a guilty plea to be knowing, voluntary and intelligent, "a defendant must be informed of the direct consequences of the plea" (*People v Hill*, 9 NY3d 189, 191 [2007], *cert denied* 553 US —, 128 S Ct 2430 [2008]). Those consequences include a term of mandatory postrelease supervision and, thus, "a defendant pleading guilty to a determinate sentence must be aware of the postrelease supervision component of that sentence in order to knowingly, voluntarily and intelligently choose among alternative courses of action, [and] the failure of a court to advise of postrelease supervision requires reversal of the conviction" (*People v Catu*, 4 NY3d 242, 245 [2005]; *see People v Hill*, 9 NY3d at 191; *People v Thomas*, 68 AD3d 1445, 1446-1447 [2009]). In order to satisfy the demands of due process, a defendant must be aware of not only the existence of the postrelease supervision component to a sentence, but also the promised or potential duration of that component if a negotiated sentence is a part of the plea agreement (*see People v Thomas*, 68 AD3d at 1446-1447; *People v Miller*, 62 AD3d 1047, 1048 [2009]; *People v Rivera*, 51 AD3d 1267, 1269-1270 [2008]; *People v Boyd*, 51 AD3d 325, 327-328 [2008], *mod on other grounds* 12 NY3d 390 [2009]; *cf. People v Cullen*, 62 AD3d 1155, 1156-1157 [2009], *lv denied* 13 NY3d 795 [2009]). In this case, County Court made a specific sentencing commitment, but mentioned postrelease supervision only once during the plea colloquy and failed to promise a specific term of postrelease supervision or specify the permissible range thereof. Accordingly, reversal is required under the facts presented (*see People v Rivera*, 51 AD3d at 1269-1270; *cf. People v Cullen*, 62 AD3d at 1156-1157).[2]

Defendant's remaining arguments have been rendered academic in light of the foregoing.

Spain, Malone Jr., Stein and McCarthy, JJ., concur. Ordered that the judgment is reversed, on the law, plea vacated, and matter remitted to the County Court of Sullivan County for further proceedings not inconsistent with this Court's decision.

---

**2.** Contrary to the People's argument, Penal Law § 70.85 will not save the judgment of conviction here, as County Court failed to specify the term of postrelease supervision during the plea colloquy (*see People v Rucker*, 67 AD3d at 1127-1128).