# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**33**

**KA 09-01489**

PRESENT: SCUDDER, P.J., SMITH, LINDLEY, GREEN, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                 MEMORANDUM AND ORDER

GABRIEL M. WILLIAMS, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KRISTIN M. PREVE OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a rensentence of the Erie County Court (Sheila A. DiTullio, J.), rendered June 18, 2009.  The judgment resentenced defendant pursuant to Penal Law § 70.85.

It is hereby ORDERED that the resentence so appealed from is unanimously affirmed.

Memorandum:  Defendant was convicted upon his plea of guilty of assault in the first degree (Penal Law § 120.10 [1]) and robbery in the first degree (§ 160.15 [1]) based upon his admission that he repeatedly shot his neighbor in the head and stole property from him.  In accordance with the plea agreement, County Court sentenced defendant to a determinate term of imprisonment of 20 years.  That sentence was illegal, however, inasmuch as it did not include a period of postrelease supervision (PRS).  The Department of Correctional Services (DOCS) subsequently administratively imposed a five-year period of PRS, which defendant successfully challenged in a CPLR article 78 proceeding.  In granting defendant's petition, Supreme Court vacated the PRS component of the sentence imposed by DOCS.  Defendant thereafter wrote a letter to County Court requesting "a resentencing hearing."  The court granted defendant's request and appointed defense counsel to represent him.  When defendant appeared in court with defense counsel for resentencing, defendant requested that the court vacate his guilty plea.  The court denied that request and instead resentenced defendant to the original sentence of a determinate term of imprisonment of 20 years with no postrelease supervision.

We reject the contention of defendant that the court erred in refusing to vacate his guilty plea and in resentencing him to the sentence originally imposed.  Because the original sentence was imposed between September 1, 1998 and June 30, 2008, the court was

authorized to resentence defendant pursuant to Penal Law § 70.85. The statute provides that, with the consent of the District Attorney, a court that imposed a determinate term of imprisonment without the mandatory period of PRS may, upon resentencing, "re[]impose the originally imposed determinate sentence of imprisonment without any term of [PRS], which then shall be deemed a lawful sentence." As the Court of Appeals recognized in *People v Boyd* (12 NY3d 390, 393-394), the purpose underlying section 70.85, as noted in the Governor's Approval Memorandum concerning that statute, was to " 'avoid the need for pleas to be vacated when the District Attorney consents to re[]sentencing without a term of PRS.' " We thus conclude that, inasmuch as the court properly resentenced defendant pursuant to section 70.85, defendant was not entitled to vacatur of his plea.

Defendant further contends that reversal is required because the court erred in failing to notify the Attorney General of defendant's challenge to the constitutionality of Penal Law § 70.85. We conclude that the People incorrectly concede that the court erred in failing to do so. The record establishes that defendant did not in fact challenge the constitutionality of section 70.85 or any other statute. Although defendant argued at the resentencing proceeding that his plea was unconstitutionally obtained because the court failed to advise him of the requirement of PRS, that argument is fundamentally different from an argument that section 70.85 is unconstitutional. In fact, neither defendant nor defense counsel mentioned section 70.85 during the resentencing proceeding. In any event, defendant's contention lacks merit because it was defendant's obligation to notify the Attorney General of any such constitutional challenge (*see Koziol v Koziol*, 60 AD3d 1433, 1434-1435, *appeal dismissed* 13 NY3d 763; *see also People v Whitehead*, 46 AD3d 715, *lv denied* 10 NY3d 772), and he failed to do so.

Finally, we conclude that defendant was not deprived of effective assistance of counsel at the resentencing proceeding (*see generally People v Baldi*, 54 NY2d 137, 147), and that the court did not abuse its discretion in denying defense counsel's request for an adjournment of that proceeding (*see People v Ippolito*, 242 AD2d 880, *lv denied* 91 NY2d 874).

Entered:  March 25, 2011                           Patricia L. Morgan
                                                   Clerk of the Court