# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**486**
**KA 09-02521**
PRESENT: SCUDDER, P.J., FAHEY, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

BARRY K. VERHOW, DEFENDANT-APPELLANT.

---

ROBERT TUCKER, CANANDAIGUA, FOR DEFENDANT-APPELLANT.

BARRY K. VERHOW, DEFENDANT-APPELLANT PRO SE.

RICHARD M. HEALY, DISTRICT ATTORNEY, LYONS (JACQUELINE MCCORMICK OF COUNSEL), FOR RESPONDENT.

---

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Wayne County Court (John B. Nesbitt, J.), dated September 29, 2009. The order denied the motion of defendant to vacate a judgment of conviction pursuant to CPL article 440.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law, the sentence is set aside and the matter is remitted to Wayne County Court for further proceedings in accordance with the following Memorandum: As defendant contends and the People correctly concede, County Court erred in denying defendant's pro se motion pursuant to CPL article 440 insofar as it sought to set aside the sentence imposed upon his conviction of burglary in the first degree (Penal Law § 140.30 [2]) and sexual abuse in the first degree (§ 130.65 [1]) and in failing to proceed with resentencing pursuant to Penal Law § 70.85 (*cf. People v Rucker*, 67 AD3d 1126, 1127-1128). It is undisputed that, at the time of the plea, defendant was not advised of the period of postrelease supervision and the sentence was imposed without a period of postrelease supervision. Defendant moved both to set aside the sentence and to vacate the judgment of conviction (*cf. People v Capers*, 68 AD3d 427; *People v Jordan*, 67 AD3d 1406, 1407). "The . . . legislative history [of section 70.85] indicates that it was . . . intended, in part, to avoid the need to vacate guilty pleas under [*People v Catu* (4 NY3d 242)] when defendants are not properly advised of mandatory terms of postrelease supervision" (*Rucker*, 67 AD3d at 1127; *see People v Williams*, ___ AD3d ___ [Mar. 25, 2011]; Governor's Approval Mem, Bill Jacket, L 2008, ch 141, at 13-14). The court may resentence a defendant pursuant to the statute when his or her qualifying determinate sentence "is again before the court pursuant to [Correction Law § 601-d] or otherwise, for consideration of whether to

resentence" (§ 70.85).  We conclude that Penal Law § 70.85 is applicable where, as here, the defendant seeks to set aside his or her sentence and to vacate the judgment of conviction, inasmuch as the matter is before the court for consideration of a resentence (*cf. People v Grimm*, 69 AD3d 1231, 1232 n 2, *lv denied* 14 NY3d 888). Pursuant to section 70.85, "the court may . . .[,] only on consent of the district attorney, re-impose the originally imposed determinate sentence of imprisonment without any term of post[]release supervision, which then shall be deemed a lawful sentence" (*see generally People v Russ*, 68 AD3d 1703).  In the event that the District Attorney refuses to consent to the imposition of the original sentence without a period of postrelease supervision, we conclude that the court must grant the alternative relief sought by defendant and vacate the judgment of conviction inasmuch as the court failed to advise defendant of the period of postrelease supervision at the time of the plea (*see Catu*, 4 NY3d at 244-245; *Grimm*, 69 AD3d at 1232; *cf. Williams*, ___ AD3d at ___), thereby returning defendant to his "status before the constitutional infirmity occurred" (*People v Hill*, 9 NY3d 189, 191, *cert denied* 553 US 1048).  We therefore reverse the order, set aside the sentence and remit the matter to County Court for further proceedings pursuant to Penal Law § 70.85 and, if necessary based on the response of the District Attorney, for further proceedings on the indictment.

Entered:  April 29, 2011                          Patricia L. Morgan
                                                  Clerk of the Court