■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT F. CHIACCHIARINI, Appellant. [936 NYS2d 394]—

Egan Jr., J.

Defendant's principal argument on appeal is that County Court's failure to apprise him—at the time of his plea—that he was subject to a mandatory period of postrelease supervision renders the underlying plea involuntary and mandates the vacatur thereof under *Catu*—even though no period of postrelease supervision ever was imposed by either the sentencing court or the Department of Corrections and Community Supervision. As County Court correctly observed, where, as here, the alleged *Catu* violation appears on the face of the record and, therefore, could have been raised on a direct appeal, such claim cannot be advanced in the context of a CPL article 440 motion (*see People v Stewart*, 16 NY3d 839, 840-841 [2011]; *People v Louree*, 8 NY3d 541, 546 n [2007]; *People v Hogue*, 62 AD3d 410, 410-411 [2009]; *People v Rivera*, 51 AD3d 1267, 1269 [2008]; *People v Figueroa*, 45 AD3d 297, 298 [2007]). Accordingly, defendant's CPL 440.10 motions were properly denied without a hearing on this basis.

Our inquiry does not end there, however, because defendant also challenges County Court's resentencing of him, contending that the resentencing procedure set forth in Penal Law § 70.85—although designed "in part, to avoid the need to vacate guilty pleas under *Catu* when defendants are not properly advised of mandatory terms of postrelease supervision" (*People v Rucker*, 67 AD3d 1126, 1127 [2009])—cannot be invoked to remedy a constitutional defect in the plea itself. Thus, defendant asserts, the sole remedy for a *Catu* violation is vacatur of the underlying plea. We disagree.

Had the District Attorney refused to consent to the reimposition of the original sentence absent any term of postrelease supervision, County Court plainly would have been compelled to vacate the judgment of conviction, thereby restoring defendant to his pre-plea status (*cf. People v Verhow*, 83 AD3d 1528, 1529 [2011]). Here, however, the District Attorney did provide the requisite consent, thus paving the way for County Court to resentence defendant in conformity with Penal Law § 70.85. Under these circumstances, where defendant did not receive the period of postrelease supervision that should have been—but never was—imposed, we discern no constitutional infirmity and, hence, "defendant [is] not entitled to vacatur of his plea" (*People v Williams*, 82 AD3d 1576, 1578 [2011], *lv denied* 17 NY3d 810 [2011]; *cf. People v Verhow*, 83 AD3d at 1528-1529).

Finally, based upon our review of the record as a whole, we find no merit to defendant's claim of ineffective assistance of counsel (*see generally People v Wright*, 85 AD3d 1316, 1317 [2011]). Defendant's remaining contentions, to the extent not

specifically addressed, have been examined and found to be lacking in merit.

Peters, J.P., Rose, McCarthy and Garry, JJ., concur. Ordered that the judgment, order and amended order are affirmed.