Kavanagh, J.
Appeal from a judgment of the Supreme Court (Teresi, J.), rendered January 27, 2011 in Rensselaer County, which resentenced defendant following his conviction of the crime of assault in the first degree.
In October 2001, defendant was charged by indictment with assault in the first degree (two counts), gang assault in the first degree and robbery in the first degree. In March 2002, pursuant to a plea agreement, defendant pleaded guilty to assault in the first degree (one count), waived his right to appeal and was sentenced, as a second felony offender, to 13 years in prison.
In January 2011, defendant was returned to Supreme Court to be resentenced because a term of postrelease supervision was not included as required in his original sentence {see Correction *1592 Law § 601-d; Penal Law § 70.85). Defendant objected to the enhanced sentence, arguing that postrelease supervision was not part of the original plea agreement. After the People refused to consent to any sentence being imposed that did not include a term of postrelease supervision (see Penal Law § 70.85), Supreme Court resentenced defendant to a prison term of 13 years, plus five years of postrelease supervision. Defendant now appeals.
Initially, the People argue that defendant’s appeal must be dismissed because CPL 450.30 (3) provides that “when a resentence occurs more than thirty days after the original sentence, a defendant who has not previously filed a notice of appeal from the judgment may not appeal from the judgment, but only from the resentence” (see People v Jordan, 16 NY3d 845, 846 [2011]). While defendant did not appeal from the judgment of conviction, he is now challenging his resentencing and, in particular, the procedure that resulted in a term of post-release supervision being added to his original sentence (see Penal Law § 70.85; compare People v Jordan, 16 NY3d at 846). Therefore, we reject the People’s claim that this appeal must be dismissed.
Prior to the resentence being imposed, defendant, on the facts presented, should have been given an opportunity to withdraw his guilty plea (see People v Chiacchiarini, 91 AD3d 1118, 1119 [2012]; People v Verhow, 83 AD3d 1528, 1529 [2011]; compare People v Harrison, 70 AD3d 1257 [2010], lv denied 15 NY3d 774 [2010]). Postrelease supervision was not part of the plea agreement, nor was it discussed with defendant before his original sentence was imposed. Since the People insist that postrelease supervision be added to defendant’s original sentence, defendant must consent or be afforded an opportunity to withdraw his guilty plea (see People v Louree, 8 NY3d 541, 546 [2007]; People v Catu, 4 NY3d 242, 245 [2005]). Therefore, we must vacate the resentence and remit the matter to Supreme Court to either impose the original sentence without a term of postrelease supervision upon the consent of the People, or afford defendant the opportunity to withdraw his plea.
Peters, PJ., Lahtinen, Spain and McCarthy, JJ., concur. Ordered that judgment is modified, on the law, by vacating the resentence imposed; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court’s decision; and, as so modified, affirmed.