Spain, J.
Appeal from a judgment of the County Court of Schenectady County (Giardino, J.), rendered December 12, 2011, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.
Defendant pleaded guilty to criminal sale of a controlled substance in the third degree in full satisfaction of a six-count indictment and waived his right to appeal. Pursuant to the plea agreement, defendant was to be sentenced, as a second felony offender, to fours years in prison, to be followed by an undisclosed period of postrelease supervision. At sentencing, County Court imposed the agreed-upon term of imprisonment, along with three years of postrelease supervision. Defendant now appeals, arguing that his plea should be vacated as it was not knowing, voluntary and intelligent due to the fact that he was not advised of the specific length of mandatory postrelease supervision prior to sentencing.
We reverse. Initially, as defendant’s challenge relates to the voluntariness of his plea, it survives any appeal waiver (see People v Seaberg, 74 NY2d 1, 10 [1989]; People v Grimm, 69 AD3d 1231, 1231 [2010], lv denied 14 NY3d 888 [2010]). Further, defendant was not required to preserve this issue in a postallocution motion (see People v Boyd, 12 NY3d 390, 393 [2009]; People v Louree, 8 NY3d 541, 545-546 [2007]; People v Rucker, 67 AD3d 1126, 1127 n [2009]). Turning to the merits, “[a] defendant pleading guilty to a determinate sentence must be aware of the postrelease supervision component of that sentence in order to knowingly, voluntarily and intelligently choose among alternative courses of action” (People v Catu, 4 NY3d 242, 245 [2005]; accord People v Wade, 86 AD3d 713, 714 [2011], lv denied 17 NY3d 823 [2011]). Moreover, “[i]n order to satisfy the demands of due process, a defendant must be aware of not only the existence of the postrelease supervision component to a sentence, but also the promised or potential duration of that component if a negotiated sentence is a part of the plea agreement” (People v Grimm, 69 AD3d at 1232). Here, the record reflects, as the People concede, that while the plea agreement included a specific negotiated sentence and a mention of postrelease supervision, defendant was never advised by the court of either a promised specific duration or the potential range of the mandatory postrelease supervision component prior to sentencing. Accordingly, his decision to plead guilty was not a knowing, voluntary and intelligent one and, therefore, the judgment of conviction must be reversed and the plea vacated (see People v Meyers, 73 AD3d 1231, 1231 [2010]; People v Grimm, 69 AD3d at 1232).
*1305 Lahtinen, J.P., McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is reversed, on the law, plea vacated, and matter remitted to the County Court of Schenectady County for further proceedings not inconsistent with this Court’s decision.