# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

920

KA 12-01043

PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

ADAM BENNEFIELD, DEFENDANT-APPELLANT.
(APPEAL NO. 2.)

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KRISTIN M. PREVE OF COUNSEL), FOR DEFENDANT-APPELLANT.

ADAM BENNEFIELD, DEFENDANT-APPELLANT PRO SE.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (NICHOLAS T. TEXIDO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a resentence of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered May 16, 2012.  The resentence contained a sentence previously imposed.

It is hereby ORDERED that the resentence so appealed from is unanimously affirmed.

Memorandum:  Defendant was convicted upon his plea of guilty of, inter alia, two counts of attempted kidnapping in the second degree (Penal Law §§ 110.00, 135.20).  In appeal No. 1, defendant appeals from a resentence on those counts and, in appeal No. 2, he appeals from a subsequent resentence.  Consistent with the plea agreement, Supreme Court initially sentenced defendant to concurrent determinate terms of imprisonment of 15 years without imposing a period of postrelease supervision (PRS).  Defendant appealed from the judgment of conviction but did not raise the failure of the court to impose PRS in his brief, and we affirmed (*People v Bennefield* [appeal No. 1], 306 AD2d 911).  The Department of Corrections and Community Supervision (DOCCS) later administratively adjusted defendant's sentence to include a period of PRS, prompting defendant to file a motion pursuant to CPL 440.10 seeking to vacate his plea as involuntary based on the court's failure to advise him of the PRS requirement.  In response, the People acknowledged that DOCCS lacked authority to impose PRS and asked the court to resentence defendant to the original sentence without PRS pursuant to Penal Law § 70.85.  The court denied defendant's motion to vacate his plea and resentenced him as proposed by the People.  Defendant then moved pursuant to CPL 440.20 to set aside the resentence on the ground that the court failed to ask whether he wished to make a statement before the original sentence was

reimposed, as required by CPL 380.50 (1).  The court granted that motion and resentenced defendant once again to the original sentence without a period of PRS.

We note at the outset that appeal No. 1 must be dismissed because the initial resentencing was superseded by the subsequent resentencing in appeal No. 2 (*see People v Motley* [appeal No. 3], 56 AD3d 1158, 1158-1159).  With respect to appeal No. 2, defendant contends in his main and pro se supplemental briefs that the court should have vacated his plea.  According to defendant, his plea was involuntarily entered because he was not informed prior to the plea that a period of PRS was required for attempted kidnapping in the second degree.  Defendant did not, however, appeal from the order denying his motion to vacate his plea, and the only issues that are properly before us on this appeal are those relating to the legality of the resentence.  Apparently recognizing this procedural hurdle, defendant asks us to treat his appeal as if it were from the order denying his CPL 440.10 motion, but we perceive no basis upon which to do so.

We further conclude that in appeal No. 2 the court properly resentenced defendant pursuant to Penal Law § 70.85 to the original sentence without imposing a period of PRS.  The statute permits the sentencing judge, with the consent of the People, to "re-impose the originally imposed determinate sentences of imprisonment without any term of post-release supervision."  The statute was enacted to "avoid the need to vacate guilty pleas under [*People v*] *Catu* [(4 NY3d 242)] when defendants are not properly advised of mandatory terms of postrelease supervision" (*People v Rucker*, 67 AD3d 1126, 1127; *see People v Verhow*, 83 AD3d 1528, 1528; *People v Williams*, 82 AD3d 1576, 1577, *lv denied* 17 NY3d 810).  Here, the People requested that the court resentence defendant pursuant to section 70.85, and the court granted that request.  The fact that defendant did not ask for resentencing is of no moment (*see generally Williams*, 82 AD3d at 1577).  Contrary to defendant's contention, the resentence in appeal No. 2 does not result in an injustice inasmuch as defendant has received sentences for the two counts of attempted kidnapping in the second degree that are entirely consistent with the terms of the plea agreement, i.e., determinate concurrent sentences within the permissible sentencing range *with no PRS*.

Defendant also contends that his sentence is unduly harsh and severe, and asks us to reduce his aggregate sentence of imprisonment from 15 years to 13 years, which essentially amounts to time served. As we noted in defendant's appeal from the judgment of conviction (*Bennefield*, 306 AD2d at 912), however, defendant's challenge to the severity of his sentence is encompassed by his valid waiver of the right to appeal (*see People v Lopez*, 6 NY3d 248, 256; *People v Suttles*, 107 AD3d 1467, 1468).

We have reviewed the remaining contentions in defendant's main brief and pro se supplemental brief and conclude that none warrants

reversal or modification of the resentence in appeal No. 2.