# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1312**
**KAH 11-01845**
PRESENT: SMITH, J.P., FAHEY, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK EX REL.
RICHARD MILLS, PETITIONER-APPELLANT,

                    V                                    MEMORANDUM AND ORDER

JOHN LEMPKE, SUPERINTENDENT, FIVE POINTS
CORRECTIONAL FACILITY, ERIC SCHNEIDERMAN,
NEW YORK STATE ATTORNEY GENERAL, AND BRIAN
FISCHER, COMMISSIONER, NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY
SUPERVISION, RESPONDENTS-RESPONDENTS.

---

LINDA M. CAMPBELL, SYRACUSE, FOR PETITIONER-APPELLANT.

RICHARD MILLS, PETITIONER-APPELLANT PRO SE.

---

Appeal from a judgment of the Supreme Court, Seneca County (Dennis F. Bender, A.J.), entered July 25, 2011 in a habeas corpus proceeding. The judgment denied and dismissed the petition.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: On appeal from a judgment that denied and dismissed the habeas corpus petition, petitioner initially contends that Supreme Court erred in applying the doctrine of res judicata. Although it appears that the court intended to apply the doctrine of collateral estoppel, and the use of that doctrine would have been proper under these circumstances, we agree that the court erred in applying the doctrine of res judicata. "Under the doctrine of res judicata, a party may not litigate a claim where a judgment on the merits exists from a prior action [or proceeding] between the same parties involving the same subject matter" (*Matter of Hunter*, 4 NY3d 260, 269). Here, inasmuch as the parties opposing petitioner in the habeas corpus proceeding are not identical to those opposing him in the resentencing proceeding, the court erred in applying the doctrine of res judicata (*see Matter of Josato, Inc. v Wright*, 288 AD2d 384, 385; *Matter of State of New York v Town of Hardenburgh*, 273 AD2d 769, 772). We nevertheless conclude, however, that the court properly denied and dismissed the petition on the merits.

We reject petitioner's contention that he is unlawfully detained based on the court's failure to file an amended order of commitment after resentencing him on one of the charges of which he was

convicted.  "Irregularities or defects in an order of commitment would not entitle petitioner to immediate release where, as here, there is a valid judgment of conviction underlying the commitment" (*People ex rel. Burr v Clark*, 278 AD2d 938, 938, *lv denied* 96 NY2d 707; *see People ex rel. Reed v Travis*, 12 AD3d 1102, 1103, *lv denied* 4 NY3d 704).  Petitioner's contention that he is unlawfully detained because the court violated his right to due process in resentencing him is also unavailing.  Even assuming, arguendo, that his right to due process was violated, we conclude that petitioner would only be entitled to a new sentencing proceeding, and thus habeas corpus relief does not lie (*see People ex rel. McGourty v Senkowski*, 213 AD2d 954, 954, *lv denied* 85 NY2d 812).  Petitioner's further contention that Correction Law § 601-d and Penal Law § 70.85 are ex post facto laws is raised for the first time on appeal and thus is unpreserved for our review and, in any event, that contention is without merit (*see People v Pruitt*, 74 AD3d 1366, 1367, *lv denied* 15 NY3d 855).

Petitioner's remaining contentions may be raised on direct appeal or by a motion pursuant to CPL article 440, and thus habeas corpus relief is unavailable with respect to those contentions (*see People ex rel. Smith v Burge*, 11 AD3d 907, 907-908, *lv denied* 4 NY3d 701; *People ex rel. Pitts v McCoy*, 11 AD3d 985, 985, *lv denied* 4 NY3d 705).

Entered:  December 27, 2013                    Frances E. Cafarell
                                               Clerk of the Court