# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

511
KA 10-02099
PRESENT: CENTRA, J.P., CARNI, SCONIERS, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

KATISHA BEATY, DEFENDANT-APPELLANT.

---

DAVID J. PAJAK, ALDEN, FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DONNA A. MILLING OF COUNSEL), FOR RESPONDENT.

---

Appeal from a resentence of the Erie County Court (Michael F. Pietruszka, J.), rendered March 5, 2010. Defendant was resentenced upon her conviction of manslaughter in the first degree.

It is hereby ORDERED that the resentence so appealed from is unanimously affirmed.

Memorandum: Defendant filed a pro se motion pursuant to CPL article 440 seeking to vacate the judgment of conviction and to set aside the sentence on the ground that the plea was defective and the sentence was illegal because she was never informed that she would be required to serve a term of postrelease supervision (PRS). The People conceded that the sentence was illegal and consented to County Court resentencing defendant pursuant to Penal Law § 70.85 to the original term of incarceration without PRS, which the court did. We granted assigned counsel's motion to be relieved as counsel and affirmed the resentence, but the Court of Appeals reversed and remitted the matter to us for a de novo appeal (*People v Beaty*, 96 AD3d 1515, *revd* 22 NY3d 490). We now affirm.

Defendant contends that she should be given the benefit of the law as it existed prior to the enactment of Penal Law § 70.85 and be allowed to withdraw her plea. We reject that contention. The court properly denied defendant's request to vacate the judgment of conviction and her plea of guilty and instead resentenced defendant to the sentence for which she had originally bargained (*see People v Williams*, 82 AD3d 1576, 1577, *lv denied* 17 NY3d 810). Indeed, we note that the purpose underlying the enactment of section 70.85 was to avoid vacaturs of pleas on the ground that they were involuntarily made because of the court's failure to advise of PRS at the time of the plea (*see People v Boyd*, 12 NY3d 390, 393-394). Defendant's further contention that Penal Law § 70.85 constitutes an impermissible ex post facto law is not preserved for our review (*see Williams*, 82

AD3d at 1578), and is without merit in any event (*see People ex rel. Mills v Lempke*, 112 AD3d 1365, 1366, *lv denied* 22 NY3d 864, *rearg denied* 23 NY3d 998; *see also People v Pignataro*, 22 NY3d 381, 387, *rearg denied* 22 NY3d 1135).

Defendant next contends that she was denied effective assistance of trial counsel, assigned counsel on her direct appeal, counsel at resentencing, and assigned counsel on her appeal from the resentencing. To the extent that defendant raised her contention regarding the alleged ineffectiveness of trial counsel in her CPL article 440 motion, we conclude that it is without merit (*see generally People v Baldi*, 54 NY2d 137, 147). Defendant's contention concerning the alleged ineffectiveness of appellate counsel on her direct appeal is reviewable by way of a coram nobis proceeding (*see People v Latimer*, 120 AD3d 1264, 1265; *People v McKinney*, 302 AD2d 993, 995, *lv denied* 100 NY2d 584). To the extent that such contention is reviewable on this record (*see McKinney*, 302 AD2d at 995), we conclude that it is also without merit (*see People v Stultz*, 2 NY3d 277, 285, *rearg denied* 3 NY3d 702). Appellate counsel cannot be faulted for following the law as it existed at the time of the representation (*see People v Orcutt*, 49 AD3d 1082, 1087, *lv denied* 10 NY3d 938). Finally, we conclude that defendant's contention regarding her counsel at resentencing and on appeal from that resentencing is also without merit (*see Williams*, 82 AD3d at 1577). Defendant contends that her counsel should have adopted her illegality argument at the resentencing, but there is no denial of effective assistance of counsel "arising from counsel's failure to 'make a motion or argument that has little or no chance of success' " (*People v Caban*, 5 NY3d 143, 152; *see also People v Feliciano*, 17 NY3d 14, 28, *rearg denied* 17 NY3d 848).

Entered: May 1, 2015                    Frances E. Cafarell
                                        Clerk of the Court