*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: December 10, 2015                    106628
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                              MEMORANDUM AND ORDER

NATHAN D. BINION,
                    Appellant.
_____

Calendar Date: November 23, 2015

Before: Peters, P.J., McCarthy, Egan Jr., Devine and Clark, JJ.

_____

        Susan Patnode, Rural Law Center of New York, Albany (George J. Hoffman of counsel), for appellant.

        Mary E. Rain, District Attorney, Canton (Ramy Louis of counsel), for respondent.

_____

Peters, P.J.

        Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered February 14, 2014, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree.

        In satisfaction of a one-count indictment, defendant pleaded guilty to criminal possession of a controlled substance in the fifth degree and waived his right to appeal. Pursuant to the plea agreement, County Court agreed to place defendant on interim probation for a period of one year and explained that, if successful, he would be sentenced to felony probation. Defendant was advised, however, that if he failed to abide by the terms of his interim probation, he could be sentenced, as a second felony

offender, to as much as four years in prison.  County Court thereafter placed defendant on interim probation and sentencing was adjourned to January 2014.

In January 2014, defendant was charged with violating the terms of his probation by consuming alcohol and being arrested for a new crime.  Defendant then appeared before County Court for sentencing and was sentenced as a second felony offender to four years in prison to be followed by two years of postrelease supervision.  Defendant now appeals, arguing that his plea was not knowing, voluntary and intelligent because he was not advised of the mandatory postrelease supervision component of his sentence.

We reverse.  Initially, defendant's challenge to the voluntariness of his plea survives his otherwise valid waiver of the right to appeal (see People v Bolivar, 118 AD3d 91, 93 [2014]; People v Brown, 107 AD3d 1303, 1304 [2013]).  Moreover, it was not necessary for defendant to preserve his challenge to the imposition of postrelease supervision under these circumstances (see People v Turner, 24 NY3d 254, 258 [2014]; People v Cornell, 16 NY3d 801, 802 [2011]; People v Louree, 8 NY3d 541, 545-546 [2007]).  Turning to the merits, it is well settled that, for a defendant's plea to be knowingly, voluntarily and intelligently entered into, a court must advise him or her of the direct consequences of a plea prior to sentencing, including the existence and duration of any postrelease supervision requirement (see People v Catu, 4 NY3d 242, 245 [2005]; People v Brewington, 127 AD3d 1248, 1249 [2015]; People v Thomas, 68 AD3d 1445, 1446-1447 [2009]).  Here, as the People concede, at the time of his plea, defendant was not properly made aware of the postrelease supervision component of his sentence.  Accordingly, defendant's decision to plead guilty was not a knowing, voluntary and intelligent one and, therefore, the judgment of conviction must be reversed (see People v Brown, 107 AD3d at 1304).

In light of this result, we need not reach defendant's alternative claim that the sentence imposed was harsh and excessive.

McCarthy, Egan Jr., Devine and Clark, JJ., concur.


ORDERED that the judgment is reversed, on the law, and matter remitted to the County Court of St. Lawrence County for further proceedings not inconsistent with this Court's decision.




ENTER:

Robert D. Mayberger
Clerk of the Court