■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL URENA, Appellant. [50 NYS3d 298]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Koenderman, J.), rendered March 31, 2014, as amended September 29, 2014 (Zaro, J.), convicting him of attempted sodomy in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment, as amended, is affirmed.

The defendant's purported waiver of his right to appeal was invalid (*see People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Brown*, 122 AD3d 133 [2014]) and, thus, does not preclude review of his excessive sentence claim. However, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions, raised in his pro se supplemental brief, are without merit (*see* CPL 30.10 [3] [f]; L 1996, ch 122, § 1). Eng, P.J., Hall, Cohen, LaSalle and Connolly, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KYLE WATSON, Appellant. [50 NYS3d 294]—Appeal by the defendant from a resentence of the Supreme Court, Westchester County (Neary, J.), imposed March 13, 2013, upon his conviction of robbery in the first degree, upon his plea of guilty, the resentence being the determinate term of imprisonment previously imposed on July 5, 2000.

Ordered that the resentence is affirmed.

The defendant's contention that Penal Law § 70.85 violates the Ex Post Facto Clause of the United States Constitution is without merit, since Penal Law § 70.85 does not retroactively increase the penalties applicable to the defendant's conviction (*see Johnson v United States*, 529 US 694, 699 [2000]; *see also People v Beaty*, 128 AD3d 1391 [2015]). Additionally, the defendant's contention that Penal Law § 70.85 violates his constitutional right to due process is without merit, as "[s]ection 70.85 ensures that [a] defendant, who is no longer subject to [postrelease supervision], pleaded guilty with the requisite awareness of the direct consequences of his plea" (*People v Pignataro*, 22 NY3d 381, 387 [2013]; *see People v Latimer*, 120 AD3d 1264 [2014]).

The defendant's remaining contentions are without merit. Leventhal, J.P., Cohen, Hinds-Radix and Connolly, JJ., concur.