People v Wooden (2018 NY Slip Op 06298)





People v Wooden


2018 NY Slip Op 06298


Decided on September 27, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 27, 2018

109055

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
MALCOLM E. WOODEN, Appellant.

Calendar Date: September 14, 2018

Before: Egan Jr., J.P., Lynch, Devine, Clark and Rumsey, JJ.


Thomas F. Garner, Middleburgh, for appellant.
Stephen K. Cornwell Jr., District Attorney, Binghamton (Stephen D. Ferri of counsel), for respondent.



MEMORANDUM AND ORDER
Egan Jr., J.P.
Appeal from a judgment of the County Court of Broome County (Dooley, J.), rendered December 2, 2016, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a controlled substance in the third degree.
In satisfaction of a four-count indictment, defendant pleaded guilty to attempted criminal possession of a controlled substance in the third degree with the understanding that he would be placed on a period of interim probation in order to complete outpatient drug rehabilitation. If successful, defendant would be sentenced to six months in jail followed by five years of probation; if not successful, sentencing would be totally up to County Court. Thereafter, defendant was found to have violated the terms of his interim probation and the court sentenced him, as second felony offender, to three years in prison followed by two years of postrelease supervision. Defendant appeals.
We reverse. "[F]or a defendant's plea to be knowingly, voluntarily and intelligently entered into, a court must advise him or her of the direct consequences of a plea prior to sentencing, including the existence and duration of any postrelease supervision requirement" (People v Binion, 134 AD3d 1252, 1253 [2015]; see People v Catu, 4 NY3d 242, 245 [2005]). As the People concede, and our review of the record confirms, defendant's plea was not knowing, voluntary and intelligent as he was not made aware prior to pleading guilty that there was a postrelease supervision component to his sentence if he were unsuccessful in treatment (see People v Binion, 134 AD3d at 1253). Therefore, the judgment of conviction must be reversed.
In view of the foregoing, we do not reach defendant's remaining claim challenging the severity of the sentence imposed.
Lynch, Devine, Clark and Rumsey, JJ., concur.
ORDERED that the judgment is reversed, on the law, and matter remitted to the County Court of Broome County for further proceedings not inconsistent with this Court's decision.