People v Perez (2020 NY Slip Op 05297)





People v Perez


2020 NY Slip Op 05297


Decided on October 01, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 01, 2020

Before: Gische, J.P., Oing, Singh, Mendez, JJ. 


Ind No. 7071/01 Appeal No. 11910 Case No. 2018-03572 2019-4210 

[*1]The People of the State of New York, Respondent,
v
Jose Perez, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Benjamin Wiener of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Sheila O'Shea of counsel), for respondent.



Order, Supreme Court, New York County (Thomas Farber, J.), entered on or about October 12, 2018, which denied defendant's CPL 440.20 motion to set aside a resentence imposed on February 2, 2009, unanimously affirmed.
In 2002, defendant pleaded guilty without being informed of the mandatory postrelease supervision (PRS) component of the promised sentence (see People v Catu, 4 NY3d 242 [2005]), and was sentenced in a proceeding in which the court also did not pronounce that component of the sentence (see People v Sparber, 10 NY3d 457 [2008]). Seven years later, he was returned to court with his attorney for further proceedings. Defense counsel advised the court that he had spoken to his client who was prepared to accept the amended sentence. The court explained that five years of PRS would be imposed. Defense counsel responded that that was fine. The court then resentenced defendant to a term that included the mandatory PRS period (see Correction Law § 601-d; Penal Law § 70.85).
The court properly denied defendant's motion to set aside the resentence. Defendant was not denied a meaningful opportunity, at resentencing, to seek to withdraw his plea based on the plea court's failure to inform him that his sentence was required to include PRS. Generally, a defendant is entitled to an opportunity to withdraw a plea where a sentence exceeds the original promise. However, we find no support for defendant's argument that this places a sua sponte obligation on the court to inform a counseled defendant of the right to move for plea withdrawal. People v Franklin (95 AD3d 1591 [3d Dept 2012]), on which defendant relies, does not support such a proposition. Rather, based on the particular facts presented there, including the defendant's specific objection to the imposition of a PRS term on the ground that it was not part of the original plea agreement, the Franklin court determined that the particular defendant had not been afforded an opportunity to withdraw his plea.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 1, 2020